UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. MOBLEY, SR.,

        Petitioner,

vs.                        Case No. 2:05-cv-497-FtM-29DNF
                            Case No. 2:00-cr-71-FTM-29DNF

UNITED STATES OF AMERICA,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Petitioner's Motion to Correct or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) and supporting Memorandum of Law (Doc. #2), both filed by counsel on October 12, 2005. The United States filed a Response (Doc. #7) on December 16, 2005, and petitioner filed a Reply (Doc. #8) on December 27, 2005.

    The United States concedes that petitioner should be granted relief as to the first issue in his petition, relating to the ineffectiveness of appellate counsel which caused his direct appeal to be dismissed. The United States asserts, and petitioner agrees, that the Court should proceeds as described in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000) by vacating the judgment, reimposing the same sentence, and advising petitioner of his right to appeal and the time limitation on the filing of that appeal. The United States argues that the remaining issues are not

cognizable, procedurally defaulted, or waived; petitioner asserts that they are meritorious.

The Court agrees with the parties that petitioner is entitled to an out-of-time direct appeal due to the ineffective assistance of appellate counsel which resulted in the dismissal of the direct appeal.  The Court also agrees that the remedy described in Phillips is appropriate in this case.  In light of the direct appeal which will be filed, the Court will dismiss the remaining issues in the § 2255 motion.  Absent extraordinary circumstances, a defendant may not seek collateral relief while a direct appeal is pending.  United States v. Dunham, 240 F.3d 1328, 1329-30 (11th Cir. 2001); Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1990); United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990).  The Court finds no extraordinary circumstances in this case, and the interests of judicial economy would not be well served by consideration of the § 2255 motion while a direct appeal is pending.  Indeed, some of the issues which may not be cognizable in a collateral proceeding may be subject to review on direct appeal.

Accordingly, it is now

**ORDERED**:

Petitioner's Motion to Correct or Reduce Sentence Pursuant to 28 U.S.C. 2255 (Doc. #1) is **GRANTED** in part as to the issue of

ineffective assistance of appellate counsel, and is otherwise **DISMISSED.**

    2.  The Clerk shall enter judgment accordingly in the civil case, Case No. 2:05-cv-497-FtM-29DNF, and close the file.  The Clerk is further directed to file a certified copy of said judgment in the criminal case, Case No. 2:00-cr-71-FTM-29DNF.

    3.  The Second Amended Judgment in a Criminal Case Pursuant to Rule 35 (Doc. #108) as to David M. Mobley, Sr., in Case No. 2:00-cr-71-FTM-29DNF, is **vacated.**

    4.  Defendant David M. Mobley, Sr. is re-sentenced to the same sentence as imposed in the Second Amended Judgment in a Criminal Case Pursuant to Rule 35  (Doc. #108), and the Clerk of the Court shall enter a Third Amended Judgment in a Criminal Case in Case No. 2:00-cr-71-FTM-29DNF imposing the same terms and conditions as originally imposed.

    5.  Defendant David M. Mobley, Sr. is advised that he has the right to appeal from the conviction and sentence in the Third Amended Judgment in a Criminal Case to be entered pursuant to this Opinion and Order, and that to do so he must file a Notice of Appeal within **TEN (10) DAYS** of the entry of the Third Amended Judgment in a Criminal Case.  Fed. R. App. P. 4(b)(1)(A)(i). Defendant is advised that pursuant to Fed. R. App. P. 4(c), an inmate confined in an institution may file a Notice of Appeal by depositing it in the institution's internal mail system on or

before the last day for filing, and that if the institution has a system designed for legal mail, the inmate must use that system to obtain the benefit of Rule 4(c).

6. Defendant David M. Mobley, Sr. is advised that if he is unable to pay appeal costs, including the costs of transcripts, he has the right to ask permission to appeal in forma pauperis. Defendant David M. Mobley, Sr. is also advised that he has the right to counsel on this appeal, and that if he cannot afford counsel, the Court will appoint an attorney for him at no cost or obligation to himself upon request and completion of a request to appeal in forma pauperis.

7. The Clerk shall provide defendant and defense counsel with a criminal appeal checklist.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA (Hunt)
David M. Mobley, Sr.
Charles A. Murray, Esq.
MAGCD
DCCD